**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER 13** |
| **CHARLES BROWN,** ) | |
| ) | **CASE NO. 10-30106-DHW** |
| Debtor. ) | |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM # 17
### OF THE INTERNAL REVENUE SERVICE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) and in response to Debtor's Objection to Claim # 17 of the Internal Revenue Service would state as follows:

1. On January 13, 2010, the Debtor filed for Chapter 13 relief and proposed a 100% Plan which as twice amended, provided for a specified monthly payment of $250.00 to the Service on a priority debt estimated by the Debtor for various tax years to be $10,500.00. The Plan is currently set to be confirmed on May 3, 2008 in Montgomery, Alabama. [Docs. # 1, 2, 7, 22, 23, 27].

2. On March 17, 2010, the Service timely filed a Proof of Claim in the total amount of $52,158.12, of which $10,525.99 was classified as unsecured priority, and $41,632.13 was classified as general unsecured. A portion of the Proof of Claim was estimated as records of the Service reflected unfiled Federal income tax returns for tax years 2004, 2005, and 2009. In addition, the returns for tax year 2006 were estimated as this return was under examination. [Claim # 17-1].

3. On March 26, 2010, the Debtor filed the instant Objection to the Claim of the Service on the grounds that the since the filing of Claim # 17-1 returns for tax years 2000

through 2008 had been filed. The Debtor asserted that the returns for tax year 2009 were not due until April 15, 2010. [Doc. # 26].

4. On April 21, 2010, the Service amended Claim # 17-2, to reflect a total liability of $46,359.27, of which $10,525.99 was classified as priority, and $35,833.28 was classified as general unsecured. [Claim # 17-2].

5. Records of the Service reflect that as of April 22, 2010, the returns for tax years 2004, 2005, and 2009 have not yet been fully processed and assessed. In addition the return for tax year 2006 is still in the examination process. Once the returns processed and tax liability assessed, and further amended Proof of Claim will be filed.

6. While the Debtor was correct that at the time of the filing of the Petition the 2009 Return was not due; any liability for tax year 2009 would be a pre-petition liability and required to be provided for as a priority claim in the Debtor's plan.

7. Absent an adversary proceeding pursuant to 11 U.S.C. §505, and an Order of Judgment determining the tax liability of the Debtor by this Court, the Debtor is obliged to wait for the Service to complete its administrative functions. Having filed many years of delinquent tax returns on the eve of the busy deadline of annual filings, it should come as no surprise to the Debtor that there would be some delay in processing his personal returns.

8. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim of the Service constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtors have the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla.

1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir., 1993) (case involves sale of bankruptcy property subject to EPA CERCLA "clean up" provisions), cert. denied by Kahn v. Juniper Development Group (on cross appeal filed against debtor's successor, Juniper Development Group, by Chapter 7 Trustee Kahn) 510 U.S. 914 (1993); In re Bertelt, 206 B.R. 5798, 584 (Bankr. M.D. Fla., 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.' " quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla., 1997) quoting from In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

9. The Service opposes the relief sought by the Debtor of asking this Court to require the Service to amend its claim to "conform with the returns filed".

Respectfully submitted this the 22nd day of April, 2010.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /S/   Patricia Allen Conover
        Patricia Allen Conover
        Assistant United States Attorney
        Patricia.conover@usdoj.gov

Post Office Box 197
Montgomery AL 36101
Telephone: 334-223-7280
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of April, 2010, I served a copy of the foregoing document, Response to Objection to Claim #17 of the Internal Revenue Service, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
[electronic filing]

Curtis C. Reding
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101
[electronic filing]

Richard D. Shinbaum
Vonda S. McLeod
Attorneys or the Debtor
Shinbaum, McLeod & Campbell
P.O. Box 201
Montgomery, AL 36101
[electronic filing]

Charles Brown
5013 Old Hayneville Road
Montgomery, AL 36108
[United States Postal Service]

  /S/   Patricia Allen Conover
PATRICIA ALLEN CONOVER
Assistant United States Attorney

4